ans

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL C. FELLOWS,                  ) | |
| ) | |
|             Plaintiff,         ) | |
| ) | |
| vs.                                 ) | |
| ) | Case No. 04-4131-JAR |
| THE STATE OF KANSAS,          ) | |
| ) | |
|             Defendant.       ) | |
| _____) | |

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Michael C. Fellows, proceeding *pro se*, filed suit seeking redress from the State of

Kansas for violations of various statutes and laws pertaining to custody rights of parents in Kansas.

Defendant State of Kansas filed a Motion to Dismiss (Doc. 14).  Defendant also filed a  Motion to

Strike (Doc. 21) plaintiff's response to the motion to dismiss, as not timely filed in accordance with D.

Kan. Rule 6.1(d)(2).[1]   The Court grants the motion to dismiss because plaintiff has failed to show that

---

[1]Plaintiff neither filed a motion for leave to file the response out of time, nor a response to the motion to strike.  D. Kan. Rule 7.4 provides that when a party fails to respond within the time allowed in Rule 6.1(d), it has waived its right to file a response except upon a showing of excusable neglect; and, absent such a showing, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." *See also Mandeville v. Quinstar Corp*., No. 02-3267, 2004 WL 1571087, *4 (10th Cir. July 14, 2004).  Plaintiff has made no showing of excusable neglect; instead, he argues that defendant failed to provide him "with any plain language notice of potential adverse consequences." Clearly, plaintiff was aware of his right to respond on some level because he did respond, just not within the time imposed by the rules.  Despite plaintiff's abject failure to respond or obtain leave to respond out of time, the Court has considered plaintiff's response, and the Court concludes that there are multiple grounds to grant defendant's motion to dismiss.

he has standing, and because this suit is barred by the Eleventh Amendment, the Rooker-Feldman doctrine and the domestic-relations exception.

## I.  Background

Plaintiff filed his petition *pro se*, individually and on behalf of all persons similarly situated. Plaintiff apparently obtained this form petition from an internet website.[2]  He alleges various and numerous violations of federal law and the Constitution by the State of Kansas stemming from the fact that he has a child for which the State of Kansas adjudicated him a non-custodial parent.  His claim is made on behalf of all parents adjudicated non-custodial parents by the State of Kansas.  In his petition, he charges the State of Kansas with, "[g]ross negligence and reckless disregard for duties owed in custody proceedings," "[refusing] to enforce and support lawful parenting time," entering into a "conspiracy with all others of the several States to enforce . . . unlawfully determined child custody orders," "[d]efrauding in regards to child support," participating in "[w]illful, reckless, and/or negligent government mismanagement," and engaging in "disparate taxation."  He seeks injunctive relief, declaratory relief, and money damages.[3]

## II.  Motion to Dismiss Standards

### *Fed. R. Civ. P. 12(b)(1): Subject Matter Jurisdiction*

There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist.

---

[2]*See* http://www.indianacrc.org/classaction.html (last updated Feb. 11, 2005).

[3]*See Donohue v. Rhode Island*, No. 04-427 (D.R.I. Jan. 14, 2005) (explaining the claims in a similar petition filed in Rhode Island).

Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[4]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

> The Federal Rules of Civil Procedures [sic] direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.". . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . .  Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation." Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[5]

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[6]  Mere allegation of jurisdiction is not enough.[7]

### Fed. R. Civ. P. 12(b)(6): Failure to State a Claim upon which Relief may be Granted

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint and should not be granted "unless it appears beyond doubt that the plaintiff

---

[4]28 U.S.C. § 1367.

[5]*Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[6]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[7]*Id.* at 798.

can prove no set of facts in support of his claim which would entitle him to relief."[8]  When deciding a motion to dismiss, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff."[9]  Furthermore, the Court must construe *pro se* pleadings liberally and apply a less stringent standard than what is applicable to attorneys.[10]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[12]

## III. Discussion

Defendant argues that this complaint should be dismissed because the suit is barred by the Eleventh Amendment, the Rooker-Feldman doctrine and the domestic relations exception.  Defendant further argues that plaintiff lacks standing.[13]  The Court will consider each of these arguments in turn.

---

[8]*Callery v. U.S. Life Ins. Co.*, 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Martinez v. Roth*, 53 F.3d 342, 342 (10th Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995).

[9]*Martinez*, 53 F.3d at 342 (quoting *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987)).

[10]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[11]*Id.*

[12]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13]Defendant supplied the Court with authority from other courts that have addressed similar complaints. *See* Def. Notice of Supplemental Authority (Doc. 23) (citing *Weiss v. Alabama*, No. 04-876 (M.D. Ala. Nov. 15, 2004) (dismissing suit on Eleventh Amendment grounds); *Ramey v. Alaska*, No. 04-0215 (D. Alaska Nov. 2, 2004) (denying appointment of counsel, noting that suit is barred by the Eleventh Amendment, giving defendant an opportunity to file an amended complaint); *Collins v. Kentucky*, No. 04-66 (E.D. Ky. Oct. 22, 2004) (dismissing suit for lack of standing); *Morehouse v. Nebraska*, No. 04-484 (D. Neb. Oct. 12, 2004) (denying class certification, denying appointment of counsel, ordering Plaintiff to file amended complaint); *Morehouse v. Nebraska*, No. 04-484 (D. Neb. Nov. 1, 2004); *Ubank v. New Jersey*, No. 04-4557 (D.N.J. Oct. 25, 2004) (order to show cause why case should not be dismissed due to the domestic-relations exception, the Rooker-Feldman doctrine, and Younger abstention); *Rohling v. New York*, No. 04-1083 (N.D.N.Y. Nov. 15, 2004) (dismissing Complaint as "frivolous" on grounds of Eleventh Amendment immunity and Rooker-Feldman)); Def. Second Notice of Supplemental Authority (Doc. 25) (citing *Bitara v. Texas*, No. 04-3620 (S.D. Tex. Dec. 10, 2004); *Pettit v. New Mexico*, No. 04-1063 (D.N.M. 2004) (dismissing due to 11th Amendment Immunity, lack of case or controversy, and the Rooker-Feldman doctrine)); and Def. Third Notice of

### *Eleventh Amendment Immunity*

The State of Kansas is entitled to absolute immunity under the Eleventh Amendment.  The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[14]  The Supreme Court has repeatedly explained that the amendment confirms the historically-rooted understanding of sovereign immunity, which is that federal jurisdiction over suits against unconsenting states–even by its own citizens–"was not contemplated by the Constitution."[15]

It is settled law that under the Eleventh Amendment, states are immune from suit unless (1) the state consents to suit, or (2) Congress validly abrogates the states' immunity.[16]  The State of Kansas does not consent to suit under this statute, and Congress may not abrogate state immunity for 42 U.S.C. § 1983 claims under its Fourteenth Amendment authority.[17]  Moreover, a state is not a "person" for purposes of § 1983.[18]  As a result, the Eleventh Amendment bars suits under § 1983

---

Supplemental Authority (Doc. 26) (citing *Donohue v. Rhode Island*, No. 04-427 (D.R.I Jan. 14, 2005) (order dismissing case for failure to comply with Fed. R. Civ. P. 8); *Howse v. Indiana*, No. 04-1530 (S.D. Ind. Jan. 28, 2005) (order dismissing case on 11th Amendment Immunity, the Rooker-Feldman doctrine, and the domestic relations exception); *Ammann v. Connecticut*, No. 04-1647 (D. Conn. Feb. 10, 2005) (provisionally dismissing on 11th Amendment Immunity grounds)).

[14]U.S. CONST. amend. XI.

[15]*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

[16]*Id.* at 54-55; *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002).

[17]*Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63 (1989); *Nelson*, 295 F.3d at 1096 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

[18]*Will*, 491 U.S. at 64-67; *accord Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001); *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000); *see also Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (explaining that a state or state agency is not a person under § 1983

against the State of Kansas.

Section 1983 itself creates no substantive rights; it "merely affords relief to a plaintiff who has been deprived of a constitutional or federal statutory right by a person acting under color of state law."[19]  Although plaintiff did not mention 42 U.S.C. § 1983 in his Complaint, in every count of the Complaint he refers to violations of constitutional rights, all of which are claims which must be asserted pursuant to § 1983.  Congress also has not abrogated the state's immunity under any of the other civil rights statutes plaintiff cites in his Complaint, and the state had not waived its immunity under the statutes.[20]  These statutes create causes of action against individuals only and do not contain a waiver of sovereign immunity.[21]

Other statutes cited by plaintiff likewise do not waive sovereign immunity.  Sections 241 and 242 of Title 18 of the United States Code make it illegal for two or more persons to engage in a conspiracy to deprive an individual of his/her constitution rights.  These statutes do not create a private right of action,[22] and by their nature, do not waive a state's Eleventh Amendment immunity.  Sections 1443 and 1657 of Title 28 of the United States Code are procedural statutory provisions and, by their own terms, do not abrogate a state's Eleventh Amendment immunity.[23]

_____

except to the extent that the plaintiff sues for prospective injunctive relief only).

[19]*Bolden v. City of Topeka*, 318 F. Supp. 2d 1076, 1082 (D. Kan. 2004) (citing *Gallegos v. City & County of Denver*, 984 F.2d 358, 362 (10th Cir.1993); *see also Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989).

[20]*See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

[21]*Id.*

[22]*Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir.1987).

[23]*See* 28 U.S.C. §1657 (requiring that claims for injunctive relief be expedited); *Wolpoff v. Cuomo*, 792 F. Supp. 964, 967 (S.D.N.Y. 1992) (Section 1443's refusal clause does not clearly abrogate the state's Eleventh Amendment immunity); *Carreras Roena v. Camara De Comerciantes Mayoristas, Inc.*, 440 F. Supp. 217, 219

Plaintiff alleges that 42 U.S.C. § 2000d-7 abrogates the state's sovereign immunity in this case because Kansas receives federal funds, which are expended in the state's judicial system.  Under 42 U.S.C. § 2000d-7, Eleventh Amendment immunity is waived for violations of § 504 of the Rehabilitation Act of 1975, Title VI of the Civil Rights Act of 1964, and any other federal statute prohibiting discrimination by recipients of federal financial assistance.  Yet plaintiff does not appear to be suing under any of the statutes listed in § 2000(d)-7(a)(1).  The mere fact that funding is received pursuant to one statute does not mean that immunity is abrogated for all statutes.  Plaintiff has not alleged a violation of any particular federal statute with specificity.  He is not entitled to a trial about his federal violations unless he establishes that the Court has jurisdiction over the case.  He has not met this burden and his case will be dismissed pursuant to rule 12(b)(1).

### Rooker-Feldman Doctrine

To the extent plaintiff is challenging a ruling of the Kansas Courts, this Court cannot review any such ruling, pursuant to the *Rooker-Feldman* doctrine.[24]  Federal trial courts do not have the power to hear what are essentially appeals from a state court decision.  The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court."[25]

Although plaintiff argues he is not challenging a specific state court decision, he does claim that the state's determination that he is a non-custodial parent is unconstitutional.  Generally, a federal

(D.C.P.R. 1976), *aff'd* 559 F.2d 1201 (1st Cir. 1977) ("Section 1443 is not a substantive source of jurisdiction over the states . . . in view of the absolute prohibition of the Eleventh Amendment of the Constitution").

[24]*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[25]*Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

7

district court cannot review matters actually decided by a state court, nor can it issue "any declaratory relief that is inextricably intertwined with the state court judgment."[26]   "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[27]   In addition to the statutory appellate-original jurisdiction dichotomy underlying the doctrine, courts have found other policies served by the *Rooker-Feldman* doctrine.[28]   It maintains respect for state courts, provides a measure of finality, and prevents multiple bites at the apple.[29]

Under the Rooker-Feldman doctrine, federal district courts:

> [H]ave subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court.][30]

Thus, if plaintiff sought federal review of his state court decision, he should have appealed the original determination to the Kansas Supreme Court, and then to the United States Supreme Court.

### *Domestic Relations Exception*

Plaintiff's claim is further barred by the "domestic relations exception" first recognized in

---

[26]*Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted).

[27]*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (citation omitted).

[28]*Johnson v. Kansas*, 888 F. Supp. 1073, 1079 (D. Kan. 1995), *aff'd,* 81 F.3d 172 (10th Cir. 1996).

[29]*Id.* at 1079-80.

[30]*Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1108 (10th Cir. 2000) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).

*Ankenbrandt v. Richards.*[31]  This exception "divests the federal courts of power to issue divorce,

alimony, and child custody decrees."[32]  The Supreme Court has also "acknowledged that it might be

appropriate for the federal courts to decline to hear a case involving 'elements of the domestic

relationship,' even when divorce, alimony, or child custody is not strictly at issue."[33]  Plaintiff essentially

claims that the State of Kansas's determination that he is a non-custodial parent was erroneous.

According to the domestic relations exception, this Court cannot decide such a matter.

### Standing

Assuming, *arguendo*, that this Court has jurisdiction, plaintiff's claims must also be dismissed

because he lacks standing.  Article III, § 2 of the United States Constitution limits the jurisdiction of

federal courts to actual "cases" or "controversies."[34]  Plaintiff, based on his complaint, must establish

that he has standing.[35]  More specifically, plaintiff must demonstrate that he meets each of the following

requirements: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual

and imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of

the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by

a favorable decision.[36]  It is axiomatic that to have standing, a plaintiff must actually assert a claim

---

[31]504 U.S. 689 (1992).

[32]*Id.* at 703.

[33]*Elk Grove Unified Sch. Dist. v. Newdow,* 124 S. Ct. 2301, 2309 (2004) (quoting *Ankenbrandt,* 504 U.S. at 705)).

[34]*Raines v. Byrd,* 521 U.S. 811, 818 (1997).

[35]*Id.* (citation omitted).

[36]*Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc.,* 528 U.S. 167, 180-81 (2000); *see also Schaffer v. Clinton,* 240 F.3d 878, 882 (10th Cir. 2001) (citations omitted).

against a defendant.[37]   Additionally, Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Because plaintiff appears *pro se*, the court is mindful that plaintiff's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[38]   If a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[39]   However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[40]   For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[41] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[42]

Plaintiff's 42 page complaint contains little more than conclusory statements regarding any particular claim he may have.  He pleads almost no specific facts about himself.  The only facts the Court can glean from his complaint are that plaintiff has a natural child and has been adjudicated a

---

[37]*See* U.S. CONST. art. III § 2 (standing for the proposition that federal courts only have power to adjudicate actual cases and controversies); *see also Powell v. McCormack*, 395 U.S. 486, 512-13 (1969) (noting that a federal district court lacks jurisdiction over the subject matter "if it is not a 'case or controversy'" within the meaning of Article III of the Constitution) (citations omitted) .

[38]*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

[39]*Id.*

[40]*Id.*

[41]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[42]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Case 5:04-cv-04131-JAR-JPO   Document 27   Filed 03/31/05   Page 11 of 11

"non-custodial parent" in a proceeding before the State of Kansas.  The Complaint does not allege how

plaintiff has been specifically harmed by this adjudication.  He has failed to plead the requirements of

Rule 8(a) and has failed to allege standing to sue in his Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Strike

(Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion to Dismiss

(Doc. 14) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 31st day of March 2005.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

11